UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARNELL LORENZ INMON,

    Plaintiff,

v.                                Case No.  5:19-cv-550-TKW-MJF

GILMORE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court on referral from the clerk of court. The undersigned recommends that this action be dismissed without prejudice because Plaintiff's third amended complaint violates the Federal Rules of Civil Procedure, the Eleventh Amendment bars Plaintiff from obtaining damages from defendants sued in their official capacities, and Plaintiff failed to comply with three court orders.[1]

### I. BACKGROUND

On December 11, 2019, Plaintiff, a prisoner proceeding *pro se*, initiated this section 1983 action by filing a complaint against four employees of the Florida

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Department of Corrections ("FDC"). (Doc. 1). Because Plaintiff's complaint did not comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Florida, the undersigned ordered Plaintiff to file an amended complaint. (Doc. 8). The undersigned warned Plaintiff that failure to comply likely would result in dismissal of this action. (*Id.* at 8).

On June 11, 2020, Plaintiff filed a first amended complaint. (Doc. 9). Plaintiff's first amended complaint, however, also suffered from various deficiencies. On October 1, 2020, the undersigned ordered Plaintiff to file a second amended complaint that complied with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Florida. (Doc. 13). The undersigned again warned Plaintiff that failure to comply likely would result in dismissal of this action. (*Id.* at 14).

On October 28, 2020, Plaintiff filed a second amended complaint. (Doc. 14). But Plaintiff's second amended complaint, like his original complaint and first amended complaint, was deficient. Accordingly, on May 21, 2021, the undersigned ordered Plaintiff to file a third amended complaint. (Doc. 18). The undersigned, for a third time, warned Plaintiff that failure to comply likely would result in dismissal of this action. (*Id.* at 15).

On June 16, 2021, Plaintiff filed a third amended complaint. (Doc. 19). In his third amended complaint, Plaintiff alleges that four FDC employees violated the

Eighth Amendment. Plaintiff is suing Defendants in their official capacities. He seeks compensatory, punitive, and nominal damages. (*Id.* at 11, 13).

## II. STANDARD

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A court also should dismiss a complaint for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

### III. Discussion

Because Plaintiff's third amended complaint does not list separate causes of action and requests recovery barred by an affirmative defense, Plaintiff's third amended complaint is deficient. Given these deficiencies, coupled with Plaintiff's failure to comply with three court orders, (Docs. 8, 13, 18), the undersigned recommends that this action be dismissed without prejudice.

A.  **The Complaint Violates the Federal Rules of Civil Procedure**

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Furthermore, a civil complaint filed in federal court must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A so-called "shotgun pleading" is a "complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). One type of shotgun pleadings fails to separate into a different count each cause of action or claim for relief. *Barmapov*, 986 F.3d at 1325; *Weiland*, 792 F.3d at 1322. Such pleadings "waste scarce judicial resources, 'inexorably broaden the scope of discovery,' 'wreak havoc on appellate courts dockets,' and 'undermine the public's respect for the courts.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 & n.54 (11th Cir. 2008)). As the Eleventh Circuit has stated, it "is not the proper function of courts in this Circuit to parse out such incomprehensible allegations." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018)).

Although courts hold allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers, courts may not "serve as de facto counsel for a party," or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc.*, 878 F.3d at 1295 (quoting *Weiland*, 792 F.3d at 1320).

Plaintiff asserts two claims—excessive force and failure to intervene and protect—against four Defendants. Plaintiff attempts to state his claims in three long paragraphs (Doc. 19 at 6-10). Plaintiff does not number these paragraphs, despite the undersigned repeatedly instructing Plaintiff to do so. Plaintiff also does not separate his claims into distinct paragraphs, sections, or counts, despite the undersigned repeatedly instructing Plaintiff to do so. Plaintiff also fails to limit the paragraphs used to state the relevant facts to "to a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, Plaintiff fails to delineate which claims he is attempting to assert against each Defendant. Because Plaintiff fails to number his paragraphs and fails to limit each claim to a "single set of circumstances," his third amended complaint violates Rule 10(b). The undersigned afforded Plaintiff multiple

opportunities to correct these deficiencies when they appeared in his prior complaints.

## B. Eleventh-Amendment Immunity

Plaintiff's third amended complaint seeks compensatory, punitive, and nominal damages from Defendants in their official capacities. (Doc. 19 at 2-4, 11, 13). The Eleventh Amendment is generally a bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacity, unless the state has consented to suit, Congress has abrogated the immunity, or the plaintiff proceeds under *Ex parte Young*. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Seminole Tribe of Fla. v. State of Fla.*, 11 F.3d 1016, 1021 (11th Cir. 1994) (citing *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, in a section 1983 action "a claim against a defendant in his official capacity is the same as a claim against his employer." *Christman v. Saint Lucie Cnty., Fla.*, 509 F. App'x 878, 879 (11th Cir. 2013) (citing *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 785 n.2 (1997)); *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x

696, 701 (11th Cir. 2013) ("[A] suit against a person in their official capacity is to be treated as a suit against the entity.").

In this case, a suit against Defendants—who are FDC employees—in their official capacities is a suit against the FDC. The FDC, a state agency, is "clearly the equivalent of the State of Florida for Eleventh Amendment purposes." *See Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996). The FDC is immune from suit for monetary damages unless the State of Florida waived immunity or it was abrogated by Congress. *See Schloper v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990). The State of Florida has not waived immunity and Congress has not expressly abrogated state immunity in section 1983 cases of this type. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits, [and] Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.") (internal citation and quotations omitted). Thus, the Eleventh Amendment is a bar to Plaintiff's claims for damages against Defendants in their official capacities. For this reason, too, this civil action is subject to dismissal.

C.   **Failure to Comply with Three Court Orders**

Plaintiff's failure to comply with three court orders is yet another reason to dismiss this action. "A federal court has at its disposal an array of means to enforce

its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to . . . comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the United States Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following six factors, among others:

**(1) Plaintiff's failure to comply with three court orders.** The Plaintiff has failed to comply with three court orders:

    a.    the order issued on May 21, 2020;

    b.    the order issued on October 1, 2020; and

    c.    the order issued on May 21, 2021

**(2) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff—three times—that failure to comply with the respective orders likely would result in dismissal. (Docs. 8, 13, 18). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(3) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff could refile his claim prior to December 2021. Thus, dismissal without prejudice would not result in substantial prejudice to him.

**(4) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed outweighs any due process right that Plaintiff may have in this case.

**(5) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits, but Plaintiff repeatedly has refused to comply with those orders. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(6) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing him to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice.
2. The clerk of the court be directed to close the case file.

At Pensacola, Florida, this <u>16th</u> day of August, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**